IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENISE DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 8:10-cv-01964-AW |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT BANK OF AMERICA, N.A.'S
## MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Bank of America, N.A. ("Bank of America"), by and through its undersigned counsel hereby files this Memorandum in Support of its Motion to Dismiss, and, in support, states as follows:

### INTRODUCTION

Before removal of this action, unknown to the removing party, Bank of America, Plaintiff filed a document in the Circuit Court for Prince George's County, Maryland which the court treated as a notice of dismissal without prejudice. Because a plaintiff's notice of dismissal is effective immediately upon filing under the Maryland Rule governing voluntary dismissal, this Court should dismiss this action without prejudice.

### FACTS

On June 16, 2010, Plaintiff instituted this action in state court. (Dkt. 2). On July 12, 2010, the Circuit Court for Prince George's County accepted a document ("Plaintiff's Notice") from Plaintiff which it treated as a notice of dismissal pursuant to the Maryland Rules. See Plaintiff's Notice, a true and correct copy of which is attached hereto as **Exhibit A**. This notice,

filed by the Plaintiff *pro se* on a form titled "PRAECIPE," demanded the state court to "issue a Motion to Dismiss Without Prejudice in the above entitled case." *Id*. Eight days later, on July 20, 2010, Bank of America, within thirty days of service of the Complaint but without any knowledge of the existence of the previously filed Plaintiff's Notice, removed this action to this Court. (Dkt. 1). Unknown to Bank of America at the time of removal but also on July 20, 2010, the circuit court docketed Plaintiff's Notice and noted the disposition of the case as "Dismissed." *See* Certified Copy of Docket for *Dennis v. Bank of America, N.A.*, Case No. CAE10-18674, a true and correct copy of which is attached hereto as **Exhibit B**.

## ARGUMENT

The posture of this case in the state court prior to removal mandates that this Court dismiss the action without prejudice in recognition of the Plaintiff's absolute right to dismiss her case before an answer is filed. Under Maryland Rule 2-506(a)(1), a plaintiff has an unabridged right to voluntarily dismiss an action without leave of court by simply filing "a notice of dismissal at any time before the adverse party files an answer." This rule is derived in part from Fed. R. Civ. P. 41(a)(1)(A)(i), which provides that a "plaintiff may dismiss an action without court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Under these rules, a plaintiff's notice of voluntary dismissal is effective immediately upon filing and requires no notice to a defendant or action by the court to have effect.[1]

---

[1] *See e.g.*, *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074 (9th Cir. 1999) (voluntary dismissal is effective on filing and no court order is required); *Diamond v. U.S.*, 267 F.2d 23 (5th Cir. 1959) (notice to defendants is not required); *Cruz-Mendez v. Hospital General Castañer, Inc*., 637 F.Supp.2d 73 (D. P.R. 2009) (since rule permits dismissal as of right, it requires only notice to the court, not a motion, thus the court's permission is not required); *Bangor Baptist Church v. State of Me., Dept. of Ed. and Cultural Services*, 92 F.R.D. 123 (D. Me. 1981) (timely notice of dismissal, without more, closes the case and the file).

While Plaintiff's Notice is titled as a "PRAECIPE" rather than a "notice," and demands the circuit court issue a "motion to dismiss," federal and Maryland courts have long upheld the plaintiff's absolute right to dismiss a case upon expressing such intent in a notice to the court without regard to the notice's title or compliance with formality.[2] Here, although Plaintiff did not specifically refer to the appropriate Maryland Rule or title her submission as a "notice," it is clear that it reflects her intent to dismiss the action without prejudice. This intent was given due recognition by the circuit court when it noted the dismissal of the case on its docket. (Exh. B).

Because Plaintiff's Notice was indisputably filed before Bank of America filed an answer, it functioned as an unqualified dismissal which is unaffected by the subsequent removal to federal court. Therefore, this Court should recognize Plaintiff's absolute right to dismiss her case and dismiss this action.

## CONCLUSION

WHEREFORE, Bank of America, N.A., respectfully requests the entry of an order granting its Motion to Dismiss, dismissing Plaintiff's Complaint without prejudice, and granting such other relief as justice and its cause may require.

---

[2] *Price v. Taylor*, 21 Md. 356 (1864) (a written order by plaintiff to the clerk, directing him to enter a dismissal, is sufficient for the purpose of dismissing the case); *Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976) (fact that plaintiff sought to dismiss action voluntarily by motion styled "motion for dismissal" rather than "notice of dismissal" was a distinction without a difference); *Roddy v. Dendy*, 141 F.R.D. 261 (S.D. Mo. 1992) (although document filed by plaintiff was denominated as a "motion" for voluntary dismissal rather than "notice" of voluntary dismissal, distinction was without legal significance and plaintiff was entitled to dismissal without prejudice, since effect desired by plaintiff in filing document with court was clearly to have his claims dismissed without prejudice); *see also*, *Sanchez v. Vaughn Corp.*, 282 F.Supp. 505 (D. Mass. 1968).

Respectfully submitted,

_____/s/_____
E. Hutchinson Robbins, Jr. (Fed. Bar No. 11927)
Joshua J. Gayfield (Fed. Bar No. 29189)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
Tel: (410) 727-6464

*Counsel for Defendant, Bank of America, N.A.*